UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROAD SPRINKLER FITTERS LOCAL UNION NO. 669, | ) ) ) | |
| Plaintiff, | ) ) | No.: 3:10-CV-471-TAV-CCS |
| v. | ) ) | |
| G&L ASSOCIATED, INC., d/b/a USA FIRE PROTECTION, | ) ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on several motions: (1) the Motion to Vacate Orders for Arbitration or Alternatively, Motion to Stay Orders for Arbitration [Doc. 29] by defendant G&L Associated, Inc., doing business as USA Fire Protection; (2) plaintiff's Motion for Civil Contempt Sanctions [Doc. 31]; and (3) plaintiff's Motion for Sanctions under Rule 11 [Doc. 37]. In its motion to vacate, defendant requests the Court to vacate the previously entered Agreed Order [Doc. 20] and subsequent Order [Doc. 28] sending this matter to binding arbitration because of a change in the law upon which the parties based their agreement, pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedures. Alternatively, defendant requests that enforcement of the Orders be stayed until the Supreme Court of the United States affirms or denies the United States Court of Appeals for the District of Columbia's opinion in *National Labor Relations Board ("NLRB") v. Noel Canning*, 705 F.3d 490 (D.C. Cir. 2013), *cert. granted* 81 U.S.L.W.

3629 (U.S. June 24, 2013) (No. 12-1281). Plaintiff submitted a response in opposition [Doc. 33], to which defendant submitted a reply [Doc. 35].[1]  In its respective motions, plaintiff seeks sanctions for defendant's failure to arbitrate as previously ordered by the Court under Rule 70 of the Federal Rules of Civil Procedure and for filing the motion to vacate in violation of Rule 11 of the Federal Rules of Civil Procedure.  Defendant filed a response to each motion [Docs. 36, 38].

## I. Relevant Background[2]

This dispute arises from plaintiff's attempts to enforce the terms of a Collective Bargaining Agreement ("CBA") between the parties, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 [Doc. 1 ¶ 1].  Under the terms of the CBA, all disputes and grievances are subject to final, binding arbitration [Doc. 1-1 at 35-36].  In this case, plaintiff wishes to arbitrate a grievance over defendant's termination of Mr. Jerry Cooper which occurred in September 2009.  Defendant, however, contends that it is not subject to the terms of the CBA because it never recognized plaintiff as a bargaining representative, thus the CBA itself is void and unenforceable [Doc. 10 ¶ 5].

Prior to and during the course of this lawsuit, the parties were also engaged in litigation before the NLRB, where an Administrative Law Judge had previously

---

[1] Defendant argues that plaintiff's response was untimely filed and should not be considered.  Given the defendant's ability to file a timely reply, and lack of prejudice, the Court will consider plaintiff's brief along with defendant's brief in addressing defendant's motion.

[2] Although recited to the extent necessary for resolution of the pending motion, the Court presumes familiarity with the underlying facts of this case.

determined that defendant had engaged in unfair labor practices by withdrawing its recognition of plaintiff as the exclusive bargaining representative [Doc. 1-3 at 8]. The parties then appealed the conclusions of the ALJ as to defendant's general obligations under the CBA to the NLRB. On September 28, 2012, the NLRB affirmed the findings of the ALJ and issued a decision which, in relevant part, required defendant to do the following:

> (b)  Make employees whole for any loss of earnings and other benefits suffered as a result of the Respondent's unlawful withdrawal of recognition from the union, plus interest, as set forth in the remedy section as amended.
>
> (c)  Make all contributions, including additional amounts due, that it was required to make contractual fringe benefit funds during the term of the collective-bargaining agreement, but which it has not made since September 8, 2009, and reimburse its unit employees, with interest as provided in the remedy section as amended, for any expenses resulting from its failure to make the required payments.

[Doc. 29-1, 358 N.L.R.B. 162 (2012)].

Subsequent to the NLRB's decision, counsel for both parties exchanged communications regarding arbitration in light of the decision obligating defendant to adhere to the terms of the CBA [Docs. 29-2, 29-3]. Specifically, plaintiff's counsel stated in an October 4, 2012 letter that adherence to the CBA, per the NLRB's decision, "would include arbitrating the pending grievance which is subject to our federal court suit to compel arbitration" [Doc. 29-2 at 1]. In reply, on October 16, 2012, defendant's counsel stated that "[b]ased upon the NLRB's decision, 358 NLRB No. 162 (2012)," defendant was willing to proceed to arbitration on Mr. Cooper's grievance [Doc. 29-3 at 1]. On November 20, 2012, the parties submitted a joint motion to dismiss and submit the matter

3

to binding arbitration [Doc. 19]. The Court, the Honorable Thomas W. Phillips, presiding, granted the motion on November 23, 2012, under the conditions agreed upon by the parties [Doc. 20].[3]

In February 2013, plaintiff filed a motion to compel defendant to comply with the agreed order [Doc. 21], citing to the fact that defendant had not yet agreed to proceed with the arbitration. Defendant argued in response that plaintiff had not given defendant a settlement offer, which defendant sought in order to avoid the expense of arbitration, and also argued that the agreed order did not set forth a specific deadline for when the matter had to be submitted to arbitration. Plaintiff's motion was granted by the Court on June 25, 2013 [Doc. 28]. In granting the motion, Judge Phillips specifically ordered that the case be submitted to arbitration within thirty days [*Id.*]. Defendant filed its motion to vacate the previous orders [Doc. 29] on July 26, 2013. During the thirty-day period between the Court's order and defendant's motion, plaintiff and defendant exchanged communications regarding the selection of an arbitrator as well as the dates for arbitration [Docs. 32-2, 32-3].

On January 25, 2013, in an unrelated case, the D.C. Circuit issued its opinion in *Noel Canning v. NLRB*, 705 F.3d 490 (D.C. Cir. 2013), holding that because three of the members of the NLRB who had issued the decision under review in that case were never validly appointed under the Recess Appointments Clause of the Constitution, that particular panel of the NLRB lacked quorum, and therefore, authority to act, so that its

---

[3]The Court notes that this matter was reassigned on May 5, 2014 [Doc. 40].

4

decision was void. *Id.* at 514. Relevant for the purposes of this case, two of the three members whose appointments were the subject of the dispute in *Noel Canning* were part of the panel which handed down the September 28, 2012 decision ordering defendant to comply with the terms of the CBA. On June 24, 2013, the Supreme Court granted *certiorari* in *N.L.R.B. v. Noel Canning*, 133 S.Ct. 2861, 81 USLW 3629, to review the D.C. Circuit's decision. Earlier, in March 2013, plaintiff's own appeal to the D.C. Circuit from the NLRB's September 2012 decision had been held in abeyance in light of the *Noel Canning* decision [Doc. 29-6].

## II. Motion to Vacate Orders for Arbitration [Doc. 29]

In support of its motion to vacate, or, alternatively, stay the orders of arbitration, defendant argues that there has been a significant change in the law since it agreed to enter into the consent order sending the case to arbitration, warranting relief from the agreed order under Rule 60(b)(5) of the Federal Rules of Civil Procedure. Because the D.C. Circuit's decision in *Noel Canning* voided an NLRB decision due to lack of quorum, defendant argues, the same reasoning would apply to plaintiff's pending appeal before the D.C. Circuit regarding the NLRB's September 2012 decision. Thus, if the Supreme Court affirms the D.C. Circuit, and finds that the NLRB's decision was void, the September 2012 decision obligating defendant to comply with the terms of the CBA, which defendant argues was the basis for its decision to agree to arbitration, would similarly be void. Plaintiff argues in response that the NLRB litigation is not related to the grievance at issue in this case, given that defendant has not raised Mr. Cooper's

5

termination as an issue before the NLRB and given that the dispute involved in the NLRB litigation, that is, defendant's recognition of plaintiff as bargaining representative, arose after Mr. Cooper's termination. In addition, plaintiff argues that Rule 60 is inapplicable in this case because the agreed order was not prospective in nature and because there has been no significant change in the law.

Rule 60, in relevant part, states that a court may relieve a party of a final judgment or order when "the judgment has been satisfied, release, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . ." Fed. R. Civ. P. 60(b)(5). Defendant's contended basis for relief in this action is the final clause of the rule, *i.e.*, that applying the Court's previous orders would no longer be equitable. The "'[r]ule provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental.'" *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 613 (6th Cir. 2011) (alteration in original) (quoting *Horne v. Flores*, 557 U.S. 433, 447 (2009)). The party seeking relief bears the burden of establishing that changed circumstances warrant relief. *Horne*, 557 U.S. at 447.

Plaintiff first argues that Rule 60(b)(5) is inapplicable because the consent order entered in this case is not "prospective." Specifically, plaintiff contends that the consent order does not require ongoing supervision, in that the order merely instructs the parties to submit the case to arbitration. In support of this position, plaintiff cites to *Kalamazoo*

6

*River Study Group v. Rockwell International Corp.*, 355 F.3d 574 (2004) for the following:

> There mere possibility that a judgment has some future effect does not mean that it is 'prospective' because virtually every court order causes at least some reverberations into the future, and has . . . some prospective effect. The essential inquiry into the prospective nature of a judgment revolves around whether it is executory or involves the supervision of changing conduct or conditions.

*Id.* at 587 (internal quotation marks and citations omitted).

As noted by the Sixth Circuit in *Northridge Church*, however, the *Kalamazoo* court went on to state that "'[m]ost cases consider Rule 60(b)(5)'s 'prospective application' clause in the context of consent decrees, which are prospective by nature.'" 647 F.3d at 613 (quoting 355 F.3d at 588). The Sixth Circuit also noted that "consent decrees and consent judgments are the prototypical subjects of Rule 60(b)(5) motions," *id.*, recognizing that a consent decree "'is an agreement that the parties desire and expect will be reflected in, and be enforced as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees.'" *Id.* (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 378 (1992)).

In this case, the consent order between the parties requires the parties to act in the future, that is, to proceed to arbitration. Although the parties were only obligated to submit to a single arbitration, until such time as the parties comply with the order, the order has been and is subject to continued enforcement and supervision by the Court so that it may be applied "prospectively" within the meaning of Rule 60(b)(5). This is evidenced by the fact that, when defendant failed to submit the case to arbitration,

7

plaintiff filed a motion with the Court to compel to force defendant to comply with the terms of the consent order. Plaintiff argues that this case is inapposite to the cases of institutional reform relied upon by defendant, where Rule 60(b)(5) motions are common, but, as the Sixth Circuit noted, the Supreme Court in *Rufo* made clear that the rule "should not be limited to institutional-reform litigation." *Kalamazoo*, 355 F.3d at 588.[4] Thus, the Court finds that defendant's motion is properly asserted under Rule 60(b)(5) and will proceed to discuss the merits of defendant's request.

Turning to the issue of whether there have been "significant changes" in the legal circumstances surrounding this case, the Court notes that "'modification of a consent decree is an extraordinary remedy that should not be undertaken lightly.'" *Northridge Church*, 647 F.3d at 614. As noted in *Northridge Church,* vacating or modifying a consent decree may be required or warranted in several situations: (1) where "one or more of the obligations placed upon the parties has become impermissible under federal law"; (2) "when the statutory or decisional law has changed to make legal what the decree is designed to prevent"; and (3) "while a clarification of the law will not, in and of itself, provide a basis for modifying a decree, it could constitute a change in circumstances that would support modification if the parties based their agreement on a misunderstanding of the governing law." *Id.*

---

[4] In addition, the Court notes that the other case relied upon by plaintiff for the idea that the consent order is not prospective, *McCormick International, LLC v. AGCO Corp.*, Case No. 1:04-CV-833, 2007 U.S. Dist. LEXIS 27054 (W.D. Mich. Apr. 12, 2007), is inapposite to this case because the Rule 60 motion there addressed the arbitrator's award, not the consent order requiring the parties to submit the case to arbitration.

In this case, the Court finds that defendant has not met its burden of showing a significant change in the law, particularly in light of the circumstances leading up to defendant's motion. Initially, the Court notes that, although the D.C. Circuit's *Noel Canning* decision could be extended to apply to the validity of the NLRB's September 28, 2012 decision, the issuance of which in part led the parties to agree to the consent order,[5] the D.C. Circuit has delayed doing so, as evidenced by the order of abeyance [Doc. 29-6]. The September 28, 2012 decision, then, is still valid as applied to the parties. The mere fact that the Supreme Court may affirm or reverse the *Noel Canning* decision, which would then require the D.C. Circuit to address the pending appeal of the September 28, 2012 decision, the Court finds, is too speculative to constitute the type of change warranting relief under Rule 60(b)(5) or a stay as requested by defendant. There is, at most, only a potential for change in the law rather than an actual change warranting relief at this time. In addition, the Court notes that the issues at stake in *Noel Canning* which could be applied to the parties' NLRB litigation are procedural, rather than affecting the substantive law that formed the basis of the NLRB's original decision, so that defendant has also failed to show whether any future change would be "significant." *Cf. Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994) (finding significant change where Supreme Court case held that there was no federal due process right for state to

---

[5] Plaintiff argues that defendant's attempts to connect the NLRB litigation with this lawsuit is baseless because defendant did not refuse to recognize plaintiff as the bargaining representative until after the grievance in this case arose. Defendant however, presented evidence of communications between the parties demonstrating that the September 28, 2012 decision prompted the parties to agree to submit the case to arbitration [*See* Docs. 29-2, 29-3].

9

follow parole regulations, so that consent decree governing parole procedures was based on erroneous view of law).  There has been no evidence presented that upon any potential rehearing, the NLRB would change the legal positions of the parties which would affect the perceived obligations of the parties in this case.  Thus, the Court finds defendant has not met its burden under Rule 60(b)(5).

The Court also notes that in viewing the circumstances of this case, considerations of equity also support a finding that defendant has not shown that vacating or staying the previously entered orders is appropriate.  The parties filed their motion for agreed dismissal in November 2012, which the Court granted by way of the Agreed Order [Docs. 19, 20].  Plaintiff filed its motion to compel on February 7, 2013 [Doc. 21], after the D.C. Circuit decided *Noel Canning*.  In its response to plaintiff's motion, defendant did not reference the *Noel Canning* decision nor is there any evidence that this decision served as a basis for the parties' continued delay in submitting the case to arbitration.  After Judge Phillips granted plaintiff's motion on June 25, 2013, the day after the Supreme Court granted *certiorari* in *Noel Canning*, defendant waited another thirty days before filing the motion to vacate.  Had defendant complied with the Agreed Order prior to plaintiff's motion to compel or proceeded to arbitration prior to or soon after Judge Phillips's June 25, 2013 order, defendant would not have been in a position to file the present motion.  In other words, defendant's delay in complying with the Court's previous orders created the circumstances by which it could file its motion to vacate those orders.  The Court finds that such conduct does not promote judicial efficiency and that

granting the relief in this case could encourage parties to engage in similar conduct in the future.

Accordingly, defendant's motion to vacate or stay the Court's previous orders [Doc. 29] will be denied and the parties will be ordered to proceed to binding arbitration within 30 days of the entry of this Order.[6]

### III.  Plaintiff's Motion for Sanctions under Rule 11 [Doc. 37]

In support of its motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, plaintiff contends that defendant's motion to vacate [Doc. 29] was based upon a misrepresentation of fact and law and was no more than attempt to evade arbitration. Defendant responds that its motion had a basis in fact and in law in light of the D.C. Circuit's ruling in *Noel Canning* and subsequent grant of *certiorari*.

Rule 11 prohibits attorneys from filing pleadings and motions "unless 'to the best of the [attorney]'s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.'" *Salkil v. Mt. Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir. 2006) (quoting Fed. R. Civ. P. 11(b)). In all Rule 11 motions, the test for whether sanctions are warranted is whether the conduct for

---

[6] In light of the Court's disposition of defendant's motion, plaintiff's motion for sanctions under Rule 70 [Doc. 31] will be denied with leave to renew should defendant fail to submit this case to arbitration.

11

which sanctions are sought "was 'reasonable under the circumstances.'" *Id.* (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)).

In this case, the Court concludes that plaintiff has not shown that defendant's actions were frivolous, done for improper purpose, or otherwise unreasonable so as to warrant relief under Rule 11. While plaintiff contends that defendant's reliance upon the NLRB litigation as a means to delay arbitration is baseless, the Court notes that defendant submitted evidence showing that, at the time the NLRB's September 28, 2012 decision was issued, plaintiff used it as a means to prompt defendant into agreeing to submit the case to arbitration [Doc. 29-2], and defendant responded that its willingness to do so was in fact based on that decision [Doc. 29-3]. In addition, in its answer to plaintiff's complaint in this action, defendant denied that it was ever bound by the CBA [Doc. 10 ¶ 5], illustrating defendant's reasonable belief that the issues in the NLRB litigation were related to defendant's obligation to submit Mr. Cooper's grievance to arbitration. When defendant learned that the September 28, 2012 decision may be invalidated, defendant filed its motion to vacate the arbitration orders. As previously discussed, defendant's ability to file the motion was, in part, a result of defendant's failure to arbitrate the case earlier, but the Court concludes that defendant's filing of the motion itself was not undertaken in bad faith or for frivolous reasons. While the Court finds defendant's arguments under Rule 60(b)(5) to be insufficient to warrant the relief requested, the Court does not find that they are frivolous, dilatory, or unreasonable as to warrant relief under Rule 11.

Accordingly, the Court concludes that plaintiff has not shown that Rule 11 sanctions are warranted at this time, and plaintiff's motion [Doc. 37] will be denied.

## IV. Conclusion

For the reasons previously discussed, defendant's motion to vacate or stay the Court's orders for arbitration [Doc. 29] is hereby **DENIED**.  It is hereby **ORDERED** that the parties proceed to binding arbitration within **thirty (30) days** of the entry of this Memorandum Opinion and Order.  Failure to comply with this Memorandum Opinion and Order will result in defendant being required to show cause why it should not be held in civil contempt of Court.  It is further **ORDERED** that plaintiff's motion for sanctions under Rule 70 [Doc. 31] is **DENIED with leave to** renew should defendant fail to proceed to arbitration.  Finally, plaintiff's motion for sanctions under Rule 11 [Doc. 37] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE